FIRST TRUST COMPANY OF ALBANY, NEW YORK, as Administrator, etc., of VALENTINE PAPPALAU, Deceased, and Others, Respondents, v. PEPPER BROTHERS CONTRACTORS, INC., Appellant.— Judgment and orders reversed upon the facts on the ground that the verdict is against the weight of the evidence as to the amount of damages and is excessive, and new trial granted, with costs to appellant to abide the event, unless the plaintiffs stipulate to reduce the verdict to $6,000, in which event the judgment is modified accordingly and as so modified the judgment and the orders are affirmed, without costs of this appeal. All concur. Per Curiam. There is sufficient evidence to sustain the verdict as to liability but not as to the amount of damages. The damages awarded are excessive. The jury could not award damages for water diverted, for loss of domestic water supply, nor for loss of customers. The record does not support substantial damages for any such elements nor does it justify exemplary damages. The only elements of damage allowable were loss by shortage of harvest of 3,894 tons of ice, loss by extra shrinkage of 1,369 tons of the ice actually harvested due to failure to fill the icehouse, and the expense of harvesting and insuring such extra shrinkage ice. The only satisfactory proof of the net value per ton lost by the plaintiffs for shortage of harvest and extra shrinkage is one dollar, the amount admitted in the complaint and charged by the court at defendant's request. The cost of harvesting and insuring the extra shrinkage ice was fifty-five cents per ton. The total of damages thus computed is $6,000, to which we think the verdict should be reduced, if the plaintiffs so stipulate. Otherwise there should be a new trial.

DAVID GERSTEN and Another, Respondents, v. FANNIE WEINBERG and Others, Appellants.— The judgment in so far as it fixes the diminution in rental value of the demised premises is reversed on the law and the facts, and a new trial granted solely as to the damages sustained by the plaintiffs by reason of the interference with the right of ingress and egress to and from the demised premises from the lane in the rear, caused by the new construction. In all other respects the judgment is affirmed. All concur. The court reverses finding of fact 21.

GRIEME LUMBER AND SUPPLY COMPANY, INC., Respondent, v. SIDNEY GRIFFITHS and Others, Appellants.— Judgment unanimously affirmed, with costs. The court makes an additional finding of fact, that the giving of the deed in satisfaction of the mortgage was not intended to inure to the benefit of judgment creditors of the mortgagors. The court reverses finding of fact 14 in defendants' requests to find.

THE HUGHES-KEENAN COMPANY, Respondent, v. SEGLIN CONSTRUCTION COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORTIMER ELLIOTT, Relator, v. JOSEPH H. WILSON, as Warden of Great Meadow Prison, at Comstock, New York, Respondent.— Order unanimously affirmed, without costs.

KELLY McDOUGALL and Others, Respondents, v. CHARLES HURLEY, Appellant. — Judgment unanimously affirmed, with costs.